STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Britting Wastewater/Water Supply Permit    }Docket No. 259-11-07 Vtec
    (Appeal of Dannenberg)    }
        }

Decision and Order on Motion to Alter or Amend

Appellant Paul S. Dannenberg, Esq. appealed from a decision of the Department of Environmental Conservation of the Vermont Agency of Natural Resources granting Mr. Kenneth Britting, Jr. Wastewater System and Potable Water Supply permit number WW-4-2786. On April 7, 2008, the Court dismissed many of Mr. Dannenberg's questions for lack of subject matter jurisdiction or legal foundation, and remanded the remaining questions to the Agency of Natural Resources so it could complete its administrative reconsideration process. In re: Britting Wastewater/Water Supply Permit, Docket No. 259-11-07 Vtec, slip op. at 8 (Vt. Envtl. Ct. Apr. 7, 2008) (April 7 Decision). On April 21, 2008, Mr. Dannenberg moved to alter or amend that judgment pursuant to Rule 59(e) of the Rules of Civil Procedure.

Mr. Dannenberg is an attorney who has appeared and represents himself; the Vermont Agency of Natural Resources (ANR) is represented by Aaron Adler, Esq; and the Water Resources Panel (WRP) of the Vermont Natural Resources Board is represented by Mark L. Lucas, Esq. Appellee-Applicant Kenneth Britting, Jr., has entered his appearance representing himself, but did not file any memoranda on the motions.

Resolution of this motion is committed to the Court's discretion. Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996). A motion to alter or amend

judgment is an extraordinary remedy, and it should be used sparingly. In re: Bouldin Camp – Noble Road, Docket No. 278-11-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 13, 2007). Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (construing the analogous federal rule). However, such a motion may be used to "correct manifest errors of law or fact" that the judgment is based upon, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law. Id.; accord In re: Boutin PRD Amendment, Docket No. 93-4-06 Vtec, slip op. at 1-2 (Vt. Envtl. Ct. May 18, 2007) (a motion for reconsideration may not be used to again raise already-rejected arguments, but may be used to address other alleged defects).

Mr. Dannenberg has not offered new, previously unavailable evidence, has not pointed to a manifest injustice or an intervening change in the controlling law. Mr. Dannenberg now seeks to resurrect his claim for attorney's fees by further explicating the "common benefit" theory. However, as explained in the April 7 decision, there is no statutory or common law basis for attorney's fees in this Court, and they are not in any event available to a self-represented attorney. Mr. Dannenberg has also attempted to characterize the Court's dismissal of Questions 2, 4 through 15, 18, 19, 21, and 23 as merely relying on the advisory nature of those questions; however, those questions were also dismissed because they asked property-law-related questions beyond this Court's subject matter jurisdiction. The Motion to Alter or Amend is therefore DENIED.

In addition, Mr. Dannenberg asks the Court to set deadlines for the Agency reconsideration process, arguing that, without court-ordered deadlines, the Agency "could sit on this matter indefinitely, stymieing [A]ppellant's legal

2

rights." Instead, after the Court's April 7 decision was issued, the Agency states that the Division Director completed reconsideration of permit number WW-4-2786 and issued a decision on April 15, 2008, specifically addressing the issues remanded by the April 7 Decision. That determination of the Director of the Wastewater Management Division may be appealed to the Commissioner of Environmental Conservation within 30 days under ANR rules.[1] Mr. Dannenberg is entitled to a fair Agency reconsideration of this permit. Sec'y, Vt. Agency of Nat. Res. v. Upper Valley Regional Landfill Corp., 167 Vt. 228, 234 (1997). It would be premature and contrary to the presumption of Agency honesty and integrity, id. at 234, for the Court to impose any additional processing deadlines. Therefore, with respect to the request for additional reconsideration deadlines, the Motion to Alter or Amend is also DENIED.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Mr. Dannenberg's Motion to Alter or Amend is DENIED, again concluding this appeal. Any appeal after the internal ANR reconsideration process is complete would be a new appeal and would receive a new docket number at such time.

Done at Berlin, Vermont, this 9th day of May, 2008.

_____
Merideth Wright
Environmental Judge

---

[1] Administrative reconsideration of permitting decisions under the Wastewater System and Potable Water Supply Rules effective January 1, 2005 was governed by § 1-304. Under the rules effective September 29, 2007, administrative reconsideration is governed by § 1-401.

3